**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO. 1:24-8 -1, 2** |
| | : | |
| **DAVIDSON LEE CHARLEMAGNE,** | : | |
| **SASHA CHARLEMAGNE** | : | |

# ORDER–MEMORANDUM

**AND NOW**, this 6th day of October 2026, upon considering Defendant Davidson Lee Charlemagne's Motion to exclude (ECF 461) evidence identified in items two through four of the United States's Rule 404(b) Notice (ECF 453), United States's Response (ECF 468) confirming it only seeks to adduce this identified evidence as intrinsic evidence of the underlying charges in Counts I and II of the second superseding Indictment (ECF 124) and not as Rule 404(b) propensity evidence, Defendant's Reply (ECF 472), and finding the United States did not meet its burden of showing the three challenged categories of evidence may be admitted as intrinsic evidence contemporaneous to facts in the Grand Jury's charge in Counts I and II of the second superseding Indictment (ECF 124), it is **ORDERED** we **GRANT in part** Defendant's Motion (ECF 461) requiring we preclude the United States from admitting:

1. June 10, 2020 Proposal submitted by Island Services Group LLC / D&S Trucking / Defendant Charlemagne responding to the Request for Proposal only to the extent the United States attempts to argue Defendants fraudulently concealed recent and ongoing Housing Finance Agency work in June 2020 or certifications of conflicting financial interests in Enclosures C, D, and E;

2. Housing Finance Agency's business records dated before January 2021 purportedly reflecting fifteen payment packages and supporting documents, including Defendant

Davidson Charlemagne's invoices, check requests, and vendor payments for warehouse management services at Sunshine Mall and Bovoni warehouses or payments from a non-Community Development Block Grant source including emails from Defendant Davidson Charlemagne to Housing Finance Agency Executive Director Daryl Griffith requesting invoice payments without prejudice subject to showing during the October 29, 2026 final pretrial conference how these records are intrinsic to the charged offense or contemporaneous with the charged fraud concerning federal programs beginning in January 2021 (Count I) or wire fraud offense on June 8, 2020 relating to insurance certifications (Count II); and,

3. Statements of Davidson Charlemagne of unknown date admitting to the concealed/undisclosed work managing the "woodpile" warehouses in St. Thomas and St. Croix and alleged control of those facilities without prejudice subject to showing during the October 29, 2026 final pretrial conference how these statements are intrinsic to the charged offense or contemporaneous with the charged fraud concerning federal programs beginning in January 2021 (Count I) or the charged wire fraud on June 8, 2020 relating to insurance certifications (Count II).

***Analysis***

Our Grand Jury charged Davidson Lee Charlemagne with, among other offenses not pertinent to today's analysis, Fraud Concerning Programs Receiving Federal Funds in Count I for actions "[f]rom on or about January 2021, continuing until on or about June 11, 2024"[1]; and wire fraud arising his alleged false insurance certification on June 8, 2020 in Count II.[2]

We ordered the United States provide notice of evidence it intends to introduce which may be subject to our Rule 404(b) analysis.[3] The United States timely provided notice of its intent to introduce four pieces of evidence at trial under the Rule 404(b) allowance.[4] Mr. Charlemagne now moves to preclude the United States from offering three of those pieces of evidence under Rule

404 or for any purpose.[5] Mr. Charlemagne also moves to preclude the United States from offering extrinsic evidence under Rule 404(b) for failure to provide proper notice.[6] The United States – notwithstanding identifying the exhibits as Rule 404(b) evidence – responded the evidence is intrinsic evidence not subject to Rule 404(b) analysis.[7] We do not address Mr. Charlemagne's notice argument because the United States concedes it is not offering this evidence subject to Rule 404(b).[8]

The Supreme Court through Rule 404 prohibits the United States from introducing extrinsic evidence of a defendant's earlier bad acts to prove a person's character in order to show on a particular occasion the person acted in accordance with the character.[9] The proponent of the extrinsic evidence must plainly identify a proper non-propensity purpose for the admission of extrinsic evidence under Rule 404.[10] But our Court of Appeals explained in *Green* intrinsic evidence is admissible and not subject to the Rule 404(b) analysis in two circumstances: 1) if it directly proves the charged offense or 2) if the "uncharged acts [are] performed contemporaneously with the charged crime [and] they facilitate [the] commission of the charged crime."[11] Our Court of Appeals has strictly applied the contemporaneous requirement when determining whether trial court Judges in *Elliott* and *Hass* properly permitted the United States to introduce evidence of uncharged acts.[12] We are persuaded by Judge Hodge's analysis a few months ago in *Jason* precluding the United States from introducing evidence showing a defendant attempted to commit an uncharged robbery after comparing the timing and circumstances in *Elliott* and *Hass*.[13] The defendant committed the uncharged attempted robbery fifteen days before one charged robbery and one day before another charged robbery.[14] Judge Hodge precluded the evidence under *Green*.[15]

***We preclude the June 10, 2020 ISG/D&S Proposal for any purpose.***

Mr. Charlemagne moves to preclude the United States from introducing a June 10, 2020 ISG/D&S Proposal.[16] Mr. Charlemagne argues the Proposal from June 10, 2020 is not intrinsic to any counts of the United States's indictment.[17] He also argues the United States did not provide proper notice under Rule 404 if it wished to admit the Proposal as extrinsic evidence.[18]

The United States counters the June 10, 2020 Proposal is intrinsic evidence to the Grand Jury's charge of fraud beginning in January 2021.[19] It argues the Proposal is the vehicle by which Mr. Charlemagne committed the fraud and the document goes directly to the heart of the fraud scheme.[20] The United States argues the fraud alleged in Count I (charged as beginning in January 2021) flows directly from the misrepresentations, concealments, and false certifications in the Proposal.[21] The United States does not offer a non-propensity permitted use under Rule 404(b) should we rule the evidence is extrinsic. Mr. Charlemagne responds arguing evidence cannot directly prove the charged offense when the United States never charged or alleged the conduct it purports to prove.[22]

We agree with Mr. Charlemagne. Our Grand Jury did not charge Mr. Charlemagne for actions dating back to June 10, 2020 in Count I.[23] The United States could have asked the Grand Jury for a charge relating to the June 10, 2020 Proposal if the United States contended it constituted Fraud Concerning Programs Receiving Federal Funds. It did not. And our Grand Jury did not charge him for the June 10, 2020 Proposal under Count I (or elsewhere as best we can interpret).[24] Mr. Charlemagne allegedly submitted the Proposal more than six months before the offenses charged in Count I. The Proposal is not intrinsic evidence of the charged offense and not contemporaneous with the charged offense.

The United States may not offer the Proposal as extrinsic evidence at trial.

***We preclude Direct Vendor Payments to Mr. Charlemagne from September 5, 2019 – April 14, 2021.***

Mr. Charlemagne moves to preclude the United States from introducing the Authority's Direct Vendor Payments to him from September 5, 2019 – April 14, 2021. He argues the vendor payments do not meet either of the *Green* categories of permissible intrinsic evidence because the payments did not occur contemporaneously with the scheme nor furthered it.[25] The payments began between eight and sixteen months before the charged offense.[26] Mr. Charlemagne argues the gap in time is indistinguishable from our reasoning four years ago in *Davitashvili*.[27] He further argues the United States has the burden to establish a non-propensity use for the evidence.[28]

The United States counters the payment invoices and records prove what Mr. Charlemagne concealed during the bid process.[29] The United States argues the documents prove integral parts of the scheme such as misrepresentations, concealments, and false certifications.[30]

Mr. Charlemagne replies the United States chose not to bring charges related to the pre-2021 vendor relationship or Mr. Charlemagne's alleged concealment of the relationship.[31] The allegations of concealment are not related to 2019-2021 vendor payments.[32]

We are not persuaded by the United States' conclusion this evidence is intrinsic to Count I under our Court of Appeals's guidance in *Green*.[33] We also lack a basis to find the payments relate to work Mr. Charlemagne performed contemporaneously with the bid proposal.[34] The Grand Jury did not charge Mr. Charlemagne for the bid proposal under Count I so actions contemporaneous with the bid proposal are not necessarily intrinsic.[35] The United States argues evidence from September 2019 is somehow intrinsic or contemporaneous despite Count I only encompassing actions starting in January 2021.[36] The United States offers no legal support and we did not find authority allowing us to find actions occurring fifteen months before a charged offense

contemporaneous under *Green*. The United States has not established the payments before January 2021 are intrinsic and admissible at trial. The United States may be able to establish payments between January 2021 and April 14, 2021 are intrinsic to Count I (charging conduct beginning in January 2021) and may, if it can, show how payments shortly before January 2021 may be contemporaneous consistent with *Green.*

***We preclude Mr. Charlemagne's recorded statements regarding concealed work.***

Mr. Charlemagne moves to preclude the United States from introducing his Recorded Statements regarding concealed work.[37] Mr. Charlemagne asserts the same arguments regarding this evidence as he does regarding the payments.

The United States does not respond. The United States offers no additional arguments for why Mr. Charlemagne's alleged recorded statements are intrinsic under *Green*. We struggle to evaluate whether the evidence is intrinsic or contemporaneous when the United States offers no information about the nature or timing of the statements.

The United States did not meet its burden of establishing the proffered evidence is intrinsic under either of the *Green* categories.

We grant Mr. Charlemagne's motion to preclude the June 10, 2020 Proposal submitted by ISG/D&S/Defendant for any purpose. The United States did not meet its burden under *Green* of establishing the other two categories of evidence are intrinsic or contemporaneous to the charged offense.[38] We reserve judgment pending argument during our final pretrial conference on whether the United States can establish this allegedly intrinsic evidence can be contemporaneous with a

charged offense and then has probative value not substantially outweighed by unfair prejudice.

**KEARNEY, J.**

---

[1] ECF 124 at ¶ 46.

[2] *Id.* at ¶ 47.

[3] ECFs 424, 442.

[4] ECF 453

[5] ECF 461.

[6] *Id.* at 7–8.

[7] ECF 468.

[8] *Id.* at 5.

[9] Fed. R. Evid. 404.

[10] *United States v. Williams*, 974 F.3d 320, 357 (3d Cir. 2020); *United States v. Caesar*, 582 F. Supp. 3d 216, 223 (E.D. Pa. 2022) (citing *United States v. Green*, 617 F.3d 233, 245 (3d Cir. 2010)).

[11] *Caesar*, 582 F. Supp. 3d at 223 (citing *Green*, 617 F.3d at 245).

[12] *United States v. Elliott*, 235 F. App'x 879, 881 (3d Cir. 2007) (finding Judge Davis properly admitted as intrinsic evidence testimony the defendant participated in a shooting a few minutes before being arrested for possession of a firearm); *cf. United States v. Haas*, 184 F. App'x 230, 231 (3d Cir. 2006) (overturning a conviction for possession of a firearm when Judge Schwab permitted the United States to introduce evidence a defendant committed a robbery two days before the charged offense).

[13] *United States v. Jason*, No. 24-358, 2026 WL 1230210, at *5 (E.D. Pa. May 4, 2026).

[14] *Id.*

[15] *Id.*

[16] ECF 461 at 12.

[17] *Id.*

[18] *Id.* at 14.

[19] ECF 468 at 5.

[20] *Id.*

[21] *Id.*

[22] ECF 472 at 6.

[23] ECF 124 at ¶ 46.

[24] *Id.*

[25] ECF 461 at 12.

[26] *Id.* at 13.

[27] *Id.* (citing *United States v. Davitashvili*, 602 F. Supp. 3d 704, 714–16 (E.D. Pa. 2022)). Our Grand Jury charged Mr. Davitashvili with issuing threats of physical harm. The United States then moved for an order allowing it to introduce at trial text messages from dates before the charged offense, among other pieces of evidence. We applied our Court of Appeals's test under *Green* and admitted only a small subset of text messages from May 10, 2020 as intrinsic evidence. We found other text messages from before May 10, 2020 did not directly prove the offense and at best provided circumstantial evidence of Mr. Davitashvili's subjective intent. We also found the earlier text messages are not contemporaneous.

[28] ECF 461 at 13–14.

[29] ECF 468 at 6.

[30] *Id.* at 6–7.

[31] ECF 472 at 7–8.

[32] *Id.*

[33] ECF 468 at 5 (citing *United States v. Williams*, 974 F.3d 320, 357 (3d Cir. 2020) (stating the standard established in *Green*, 617 F. 3d at 245)).

[34] ECF 468 at 5.

[35] ECF 124 at ¶ 46.

[36] *Id.*

[37] ECF 461 at 12–14.

[38] *Green*, 617 F.3d at 248–49.